IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 13, 2013

## STATE OF TENNESSEE v. DAVID PAUL ZWARTON

**Appeal from the Circuit Court of Bedford County**
**No. 17395   Franklin Lee Russell, Judge**

**No. M2012-01934-CCA-R3-CD - Filed February 14, 2013**

David Paul Zwarton ("the Defendant") pleaded guilty to one count of theft of property of $1,000 or more but less than $10,000. Pursuant to the plea agreement, the Defendant was sentenced as a Range I, standard offender to three years, leaving the trial court to determine whether the sentence would be served concurrently or consecutively to a four-year sentence imposed by the Coffee County Circuit Court. After a hearing, the trial court ordered that the Defendant serve his three-year sentence consecutively to his Coffee County sentence. The Defendant appealed the trial court's ruling. Upon our thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Stephanie T. Barca, Assistant Public Defender, for the appellant, David Paul Zwarton.

Robert E. Cooper, Jr., Attorney General & Reporter; John H. Bledsoe, Senior Counsel; Robert Carter, District Attorney General; and Richard A. Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On June 15, 2012, the Defendant pleaded guilty to one count of theft of property of $1,000 or more but less than $10,000. Pursuant to the plea agreement, the trial court sentenced the Defendant to serve three years in confinement and held a hearing to determine

whether the Defendant would serve his sentence concurrently or consecutively to a four-year sentence imposed by the Coffee County Circuit Court in case number 39314F.

At the guilty plea hearing, the State recited the factual basis for the Defendant's guilty plea as follows:

> On November 27th of 2011, Silverio Garcia of A and G Joyemex reported to Officer Brock Horner of the Shelbyville Police Department that a white male entered the store at approximately 10:30 a.m. and began looking around. Mr. Garcia stated that there was a backpack behind the counter that had two gold necklaces that he had just purchased from a customer lying on them. After the white male had left, he noticed that those two necklaces were gone, and he reported that to the police department. That white male was later identified to be [the Defendant] because the next day, [the Defendant] returned to the store, and Mr. Garcia recognized him and wrote down his license plate number, turned that over to Detective Jacobs, who was able to locate the two necklaces as being sold for cash at Most Cash For Gold located also here in Shelbyville where he obtained pictures of [the Defendant] entering the store. [The Defendant] then was contacted. He came down to the police station and talked to Detective Jacobs and admitted to his role in taking the two necklaces and selling them, and they were valued at over $1,000.

The Defendant agreed to this recitation of the facts. The trial court inquired into whether the Defendant had "the permission of the owner of the necklaces[,]" to which the Defendant stated, "No." The trial court then asked the Defendant whether he "took them for the purpose of selling them and getting cash for them[,]" to which the Defendant replied, "Yes." Lastly, the Defendant agreed that he "meant to deprive the owner of the property" and that the amount was $1,000 or more.

Thereafter, the trial court held a sentencing hearing on August 17, 2012, to determine whether the Defendant's three-year sentence would be served concurrently or consecutively to his Coffee County sentence. At the hearing, the presentence report was admitted as an exhibit without objection. A copy of the warrant in this case also was admitted without objection. No other evidence was presented at the hearing.

In ordering the Defendant's three-year sentence to be served consecutively to his Coffee County sentence, the trial court first noted that it must begin its analysis with a presumption in favor of concurrent sentencing. The trial court then held that Tennessee Rule of Criminal Procedure 32(c)(3) mandates consecutive sentencing because "while [the Defendant] was out on bond on our case, he committed the simple possession of Schedule

II and the theft between a thousand and $10,000" in Coffee County. Alternatively, the trial court found that, assuming consecutive sentencing is not mandatory, the presumption in favor of concurrent sentencing is "overcome because of the [Defendant's] extensive criminal record." Lastly, the trial court noted that the "seven years total that results from making this a consecutive sentence, I do not find that to be unreasonable. . . . I do not find that this is more than [what] is absolutely necessary given his past record and given the seriousness of the crimes he's committed in both places."

The Defendant now appeals.

## Analysis

### Sentencing

The trial court ordered that the Defendant's three-year sentence in this case be served consecutively to his Coffee County sentence. The trial court first determined that consecutive sentencing was mandatory in this case pursuant to Tennessee Rule of Criminal Procedure 32(c)(3). The trial court alternatively concluded that consecutive sentencing was proper based upon the Defendant's extensive criminal record. The Defendant contends that the trial court erred in ordering consecutive sentencing on either ground.

On appeal, when the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.; see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Tennessee Code Annotated section 40-20-111(b) (2006) provides:

In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Similarly, Tennessee Rule of Criminal Procedure 32(c)(3) states:

> (3) *Mandatory Consecutive Sentences.* When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony;
>
> (B) to a sentence for escape or for a felony committed while on escape;
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and
>
> (D) for any other ground provided by law.

Based upon these provisions, consecutive sentencing was mandatory in this case. The Defendant was arrested for the offense in this case on December 5, 2011. Thereafter, he was released on a $500 bond. While released on bond in this case, the Defendant committed the Coffee County offenses. He was sentenced to serve four years in confinement in the Coffee County case. Thereafter, the Defendant pleaded guilty to the indicted offense in this case on June 15, 2012. The trial court properly ordered that the Defendant's three-year sentence in this case be served consecutively to his Coffee County sentence. Although the Defendant was not on bail when the instant offense was committed, the chronological order of convictions are irrelevant because the sentences are mandatorily consecutive in either case. See State v. Blanton, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996) (holding that it is irrelevant that a defendant is first convicted of the offense committed while on bail and then convicted of the offense which released him on bail in determining that consecutive sentences were mandatory in the latter case); see also State v. Bryan Ray Phillips, No. M2009-00145-CCA-R3-CD, 2010 WL 653005, at *3 (Tenn. Crim. App. Feb. 24, 2010), perm. app. denied (Tenn. Aug. 25, 2010) (holding that the trial court properly ordered that the sentence in the instant Bedford County case be served consecutively to his Cannon County sentence, even though the Defendant was first convicted of the Cannon County offense which the Defendant committed while he was released on bond for the instant Bedford County offense).

Accordingly, the trial court properly ordered that the Defendant's three-year sentence in this case be served consecutively to his Coffee County sentence. Because we find that the

trial court did not error in determining that consecutive sentencing was mandatory in this case, we need not address the trial court's holding with respect to discretionary consecutive sentencing. Thus, the Defendant is entitled to no relief on this issue.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court.

_____
JEFFREY S. BIVINS, JUDGE